IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICKY MCCLURKIN-BEY <br> Plaintiff, <br> v. <br><br> MARYLAND DEPARTMENT OF LABOR, <br> LICENSING AND REGULATION <br> DIVISION OF UNEMPLOYMENT <br> INSURANCE <br> Defendant. | * <br><br> * CIVIL ACTION NO. RDB-15-1991 <br><br> * <br><br> * <br><br> * <br> ***** |

**MEMORANDUM OPINION**

On July 7, 2015, Ricky McClurkin-Bey, a resident of the District of Columbia, filed this self-represented complaint, against the Maryland Department of Labor, Licensing and Regulation ("MDLL&R"), seeking injunctive relief and damages. McClurkin-Bey invokes this Court's federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 & 1332. The factual account of his claim concerns his loss of a job at a Target retail store ("Target"), his telephone interview with Defendant's representative after seeking unemployment insurance, and the determination that he did not qualify for said benefits. ECF No. 1. McClurkin-Bey asserts that the determination was based on Target's false unwritten claim that he had quit his job, when in fact he had been fired. He further takes issue with his appeal of the denial of benefits, claiming that he met the requirement of good cause for his late filing of an appeal and the hearing examiner should have reversed the initial determination to deny unemployment benefits because the examiner received written information that McClurkin-Bey was fired. He accuses the Defendant of negligence because the decision to deny benefits was made in reliance on verbal, non-written proof. He seeks compensatory damages in the amount of $5,168.00 and punitive damages in $5,000,000.00. *Id.* at pg. 4.

McClurkin-Bey has filed a Motion for Leave to Proceed In forma Pauperis. ECF No. 2. Because he appears indigent, his motion for leave to proceed in forma pauperis shall be granted. His Complaint shall, however, be dismissed without prejudice for lack of subject matter jurisdiction.

A Court may consider subject matter jurisdiction as part of its initial review of the Complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"). In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the Court has an obligation to consider its subject matter jurisdiction *sua sponte. See Joseph v. Leavitt,* 465 F.3d 87, 89 (2d Cir. 2006). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004).

District courts have original jurisdiction pursuant to 28 U.S.C. § 1331 "of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Under the "well-pleaded complaint doctrine," federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The Fourth Circuit has observed that "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Md., Inc. v. Global NAPS, Inc.,* 377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986)). Indeed:

2

> The Supreme Court has recognized § 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id.* (internal citations and quotations omitted).

The Court has carefully reviewed McClurkin-Bey's Complaint and finds that a federal claim is not readily apparent. At best, McClurkin-Bey's cause of action alleges nothing more than tortious conduct on the part of MDLL&R staff. Thus, he has failed to set out a colorable claim under 28 U.S.C. § 1331.[1]

Since the Court has determined that federal question jurisdiction is lacking, the only possible basis for jurisdiction over McClurkin-Bey's tort claim is diversity of citizenship. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. It is a firmly established general rule of the federal courts that a plaintiff's diversity claim is the measure of the amount in controversy and determines the question of jurisdiction. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to the qualification that a plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute. *Id.* In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional

---

[1] The Court further observes that McClurkin-Bey's complaint for damages has named a state agency as the sole defendant. Federal claims against states for monetary damages are barred by the principle of sovereign immunity which is embodied in the Eleventh Amendment to the United States Constitution. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Sovereign immunity extends not only to states, but also to state agencies and state officers acting in their official capacities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984); *see also Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir.1996) (explaining that sovereign immunity extends to arms of a state including state agencies and state officers acting in their official capacities).

amount, the case will be dismissed for want of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938); *see also Shanaghan v. Cahill*, 58 F.3d 106, 100 (4th Cir. 1995).

It is undisputed here that the parties are diverse. McClurkin-Bey has failed to show, however, that "the matter in controversy exceeds $75,000, exclusive of interest and costs." He seeks approximately $5,000.00 in lost unemployment benefits, but requests an additional $5,000,000.00 in punitive damages. "Unless the claim for an amount over the jurisdictional prerequisite is made in bad faith, or unless it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue, the district court has jurisdiction over the case." *Shanaghan*, 58 F.3d at 112. Punitive damages have long been included in determining whether the amount in controversy requirement has been met. *See* 14B Wright & Miller § 3702, at 89 (punitive damages). The Court, however, finds that McClurkin-Bey's Complaint does not currently state claims for which punitive damages can be awarded. The Complaint fails to allege facts specific to satisfy the amount in controversy required by 28 U.S.C. § 1332 and it is a "legal certainty" that McClurkin-Bey cannot recover punitive damages based on the Complaint as it currently exists.[2]

---

[2] Under applicable Maryland law, a plaintiff must prove that a defendant had actual malice in order to obtain punitive damages in a tort action. *See View Point Systems, LLC v. Athena Health, Inc.*, 9 F. Supp.3d 588, 616-17 (D. Md. 2014). Maryland courts have defined " 'actual malice' as 'conduct of the defendant characterized by evil motive, intent to injure, ill will, or fraud.' " *Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 264, 841 A.2d 828, 837 (2004) (quoting *Owens–Illinois, Inc. v. Zenobia*, 325 Md. 420, 460, 601 A.2d 633, 652 (1992). Thus, " 'negligence alone, no matter how gross, wanton, or outrageous, will not satisfy [the] standard [of actual malice].' " *Darcars Motors of Silver Spring, Inc.*, 379 Md. at 264, 841 A.2d at 837 (alteration in original) (quoting *Owens–Illinois, Inc.*, 325 Md. at 463, 601 A.2d at 654). Actual malice must be established by clear and convincing evidence. *Darcars Motors of Silver Spring, Inc.*, 379 Md. at 264, 841 A.2d at 837; *see Le Marc's Mgmt. Corp. v. Valentin*, 349 Md. 645, 652, 709 A.2d 1222, 1226 (1998).

The Complaint shall be dismissed for lack of subject matter jurisdiction. A separate Order shall be entered in accordance with this Memorandum Opinion.

Date: July 15, 2015

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT COURT JUDGE